# Flanagan's Administratrix et al. v. May.

(Decided June 3, 1930.)

E. B. ROSE and B. D. BERRY for appellants.

ROBERTS & PENDERGRASS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Edward A. Flanagan was the son-in-law of Robert McBride. They both lived in New York. On January 27, 1923, Flanagan and wife conveyed to Robert McBride an oil lease which he owned in Lee county, Ky. Flanagan died on April 17, 1923. His wife, Ann B. Flanagan, qualified as his administratrix in New York. On July 14, 1924, William B. May recovered judgment against her as administrator for $5,208.65, and on July 13, 1925, he brought this action in the Lee circuit court against her and McBride to set aside the deed above referred to, charging it was made without consideration and for the fraudulent purpose of cheating and defeating Flanagan's creditors. McBride answered, denying the allegations and setting up the fact that, at the time the deed was made, Flanagan was indebted to him in the sum of $4,680, and that the deed was executed in satisfaction of the debt, which was the full value then of the property. The allegations of the answer were denied by reply. Robert McBride and Mrs. Flanagan gave their depositions sustaining the defense set out in the answer. The plaintiff took the depositions of two witnesses sustaining the allegations of the petitions. Exceptions were filed by each of the parties to the depositions that were taken. Robert McBride died April 2, 1926. The action was afterwards revived against his heirs at law, and, the case being submitted, the court sustained the defendant's exceptions to the plaintiff's proof on the ground that the depositions were not properly certified. He also sustained certain exceptions to the deposition of McBride, but overruled the exceptions to the deposition of Mrs. Flanagan, and then entered judgment in favor

of the plaintiff adjudging the deed fraudulent and directing a sale of the land to satisfy the plaintiff's claim. The defendants appeal. •

The appeal presents simply a question of fact. Three members of the court have read the record and the proof has been considered by the whole court. On all the evidence the court concludes that the judgment of the circuit court on the facts cannot be disturbed. The rule is well settled that this court will not reverse the judgment of the circuit court on the facts where on all the evidence the mind is left in doubt as to the truth.

Judgment affirmed.

Whole court sitting.